The State ex rel. Sheets, Appellant, *v.* Chief of Police,
Cedar Point Police Department, Appellee.

[Cite as *State ex rel. Sheets v. Chief of Police, Cedar Point
Police Dept.*, 143 Ohio St.3d 473, 2015-Ohio-3309.]

(No. 2014–2166—Submitted May 5, 2015—Decided August 20, 2015.)

_____

**Per Curiam.**

{¶ 1} We reverse the dismissal of this case in which appellant, Daniel Sheets, a federal inmate, made a public-records request of appellee, the chief of police of the Cedar Point Police Department. Sheets sued in mandamus on November 7, 2014, in the Sixth District Court of Appeals, alleging that respondent failed to provide the requested records.

{¶ 2} Appellee filed no response to the complaint, but on December 2, 2014, the court of appeals nevertheless dismissed the case, finding that Sheets failed to comply with R.C. 2969.25(C)(2), which requires that an inmate's affidavit of indigency in a suit against a government entity or employee contain a statement of the inmate's assets.

{¶ 3} Sheets argues in his brief that R.C. 2969.25(C) should not apply to him because he is not filing a civil action against a government entity or employee. However, Sheets also asserts in his complaint that appellee is "a governmental employee," that he "performs a governmental function," and that he "operates on behalf of the state." Sheets's arguments are therefore without merit.

{¶ 4} However, the definition of "inmate" for purposes of R.C. 2969.25 is "a person who is in actual confinement in a *state* correctional institution." (Emphasis added.) R.C. 2969.21(D). The definition does not include persons in confinement in federal prison. *Id.* Sheets is an inmate in a federal prison, not a state prison. For that reason, the court of appeals erred in dismissing Sheets's complaint for failing to comply with R.C. 2969.25.

{¶ 5} We therefore reverse the judgment and remand the case for further proceedings.

Judgment reversed
and cause remanded.

O'CONNOR, C.J., and PFEIFER, O'DONNELL, KENNEDY, FRENCH, and O'NEILL, JJ., concur.

LANZINGER, J., concurs in judgment only.